**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

BRIAN SCOTT WELLS, #324573 *

Petitioner *

v. * Civil Action No. L-11-2757

DEPARTMENT OF CORRECTIONS *

Respondent *

**MEMORANDUM**

On September 23, 2011, Brian Scott Wells ("Wells") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence and diminution of confinement credits. ECF No. 1. Respondent moves to dismiss the Petition on the basis that Wells has failed to exhaust his claim in state court. ECF No. 4.

**Background**

Wells indicates that during his parole revocation hearing, the parole board did not order the revocation of 1179 days of good time credit previously earned by him. He states that upon his commitment to the Department of Corrections, however, the good conduct credits were taken from him. He states that his case manager advised him that the taking of his credits by the DOC was improper. ECF No. 1.

**Analysis**

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pringle v. Beto, 424 F.2d 515, 516 (5th Cir. 1970); see also McCray v. Rosenblatt, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does

not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). A dispute over diminution credits generally does not rise to this level. See Willeford v. Estelle, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998); see also Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Wells has presented a federal question here, his Petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forego the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Wells must exhaust each claim presented by pursuing remedies available in state court. See Rose v. Lundy, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and, where appropriate, the Maryland Court of Appeals. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional

challenges to state convictions in order to preserve the role of the state courts in protecting federally-guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475, 491 (1973).

Wells may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). See generally Adamson v. Correctional Medical Services, Inc., 753 A.2d 501 (2000); Md. Code Ann., Corr. Servs. ("CS") § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. Id. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. Id. at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. Id. at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." Id. at § 10-210(b)(2). Wells may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, CS § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of certiorari. See Williams v. State, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus.

See Maryland House of Correction v. Fields, 703 A.2d 167, 175 (1997). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. See generally Stouffer v. Pearson, 887 A.2d 623 (2005); Stouffer v. Staton, 833 A.2d 33 (2003); Jones v. Filbert, 843 A.2d 908 (2004).

While Wells states in his Petition that he filed "an ARP, a letter to the warden, a letter to the facility administrator, 4 letters to the commitment dept, 2 letter[s] to the parole dept." it is clear that he did not file his complaint with the IGO or appeal any adverse determination. ECF No. 1 at 4-5.

If Wells prevails in any of the above proceedings, the need for this Court's involvement is obviated. This Court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised.

Wells has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Wells has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. A certificate of appealability shall not issue and the Clerk shall be directed to CLOSE this case.

February 17, 2012 /s/

Benson Everett Legg
United States District Judge